**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000451
27-APR-2026
07:54 AM
Dkt. 39 SO**

NO. CAAP-24-0000451

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
LAWRENCE TURNO, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-23-0000168)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Guidry, JJ.)

In this interlocutory appeal, Defendant-Appellant Lawrence Turno (**Turno**) appeals from the following orders entered on April 11, 2024, by the Circuit Court of the Second Circuit (**Second Circuit**)[1]:  (1) the *Findings of Fact and Conclusions of Law, Order Denying Motion to Suppress Evidence Stemming From Illegal Interrogation Filed on December 10, 2024* (**Order re Interrogation**); and (2) the *Findings of Fact and Conclusions of Law, Order Denying Motion to Suppress Evidence Stemming from Violation of Constitutional Right to Privacy Filed on January 23, 2024* (**Order re Privacy**).

In an April 19, 2023 Felony Information, Plaintiff-Appellee State of Hawaiʻi (**State**) charged Turno with one count of Commercial Sexual Exploitation of a Minor, in violation of Hawaii Revised Statutes (**HRS**) § 712-1209.1.  The charge arose out of a Maui Police Department operation in which an undercover officer,

_____

[1]      The Honorable Kelsey T. Kawano presided.

Sergeant John Surina (**Sgt. Surina**), created an account and profile on the escort/prostitution website skipthegames.com. The profile featured photographs of a female adult with the fictitious name "Scarlett" (who was actually another police officer), offering various sexual services to consenting adults. In a text message exchange between Turno and Sgt. Surina, posing as "Scarlett," Turno agreed to pay $250 in exchange for sexual intercourse. The texting continued, with "Scarlett" telling Turno that she was 16 years old and asking him if he was "cool wit that[.]" Turno responded, "Yes [I]'m cool wit that," and agreed to meet "Scarlett" at the Safeway in Kihei. When Turno arrived, he was arrested.

After he was charged, Turno filed two motions to suppress evidence obtained through the undercover operation – a December 10, 2023 *Motion to Suppress Evidence Stemming From Illegal Interrogation* (**Motion to Suppress re Interrogation**) and a January 23, 2024 *Motion to Suppress Evidence Stemming from Violation of Constitutional Right to Privacy* (**Motion to Suppress re Privacy**).

An evidentiary hearing on the two motions was held on February 27 and March 19, 2024. The Circuit Court later entered the Order re Interrogation and the Order re Privacy, denying both motions, and granted Turno's motion for leave to file an interlocutory appeal.

On appeal, Turno contends that the Circuit Court erred: (1) in denying his Motion to Suppress re Interrogation where "police engaged in sustained and coercive questioning after probable cause to arrest [Turno] had been established"; (2) in denying his Motion to Suppress re Privacy where "Turno's constitutionally protected right to privacy was violated by police"; and (3) in denying his Motion to Suppress re Privacy where "the government violated Hawaii's Wiretap Act," HRS § 803-42 (**Wiretap Act**),[2] "by engaging in electronic eavesdropping without a warrant." (Capitalization altered.)

---

[2] HRS § 803-42(a) (2014) generally prohibits the interception, access, and disclosure of wire, oral, or electronic communications. Subsections (b)(1) through (b)(11) set forth various exceptions to the general prohibition.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Turno's contentions as follows, and affirm.

(1) Turno acknowledges that the police had probable cause to arrest him "for a petty misdemeanor prostitution charge" when he agreed to pay $250 in exchange for sexual intercourse. He argues, however, that after that, Sgt. Surina continued a "sustained and coercive interrogation" without advising him of his Miranda rights "in order to extract further incriminating evidence and manipulate the existing petty misdemeanor charge into a felony."

"Under the Hawaiʻi Constitution, absent Miranda warnings and a valid waiver of them, statements obtained from a person subjected to uncounseled custodial interrogation are inadmissible in a subsequent criminal proceeding brought against that person." State v. Spies, 157 Hawaiʻi 75, 98, 575 P.3d 708, 731 (2025) (brackets and internal quotation marks omitted) (quoting State v. Hoffman, 155 Hawaiʻi 166, 172, 557 P.3d 895, 901 (2024)). A defendant objecting to the admissibility of, and seeking to suppress, their statement "must establish that their statement was the result of (1) 'interrogation' that occurred while they were (2) 'in custody.'" Id. (quoting Hoffman, 155 Hawaiʻi at 172, 557 P.3d at 901).

In State v. James, 153 Hawaiʻi 503, 541 P.3d 1266 (2024), the supreme court ruled that the defendant was not "in custody" for Miranda purposes, where "there was no 'initial stop or detention' or other deprivation of freedom of action at the time [the defendant] made the statements . . . regardless of whether probable cause to arrest existed at the time [the government agent] contacted [the defendant.]" Id. at 512, 541 P.3d at 1275. Here, there is no dispute that Turno had not been stopped, detained or otherwise deprived of his freedom of action when he sent the allegedly incriminating text messages to Sgt. Surina. Turno argues, however, "that 'custody' can also occur for purposes of Miranda if 'an objective assessment of the totality of the circumstances reflects . . . that the person has

3

become impliedly accused of committing a crime because the questions of the police have become sustained and coercive, such that they are no longer reasonably designed briefly to confirm or dispel their reasonable suspicion . . . .'" (Quoting James, 153 Hawaiʻi at 512, 541 P.3d 1275.)

The reasoning in James forecloses Turno's argument. He was not deprived of his freedom of action in any way, and was thus not in custody for Miranda purposes, when he made the statements at issue. In any event, the Circuit Court did not err in determining that no "sustained and coercive" interrogation occurred here based on the totality of the circumstances.

(2) Turno contends that the police, by "surreptitiously setting up false, misleading profiles as a fake 'third party' in order to induce persons online to engage in private 'sexting' conversations," violated his right to privacy under article I, section 7 of the Hawaiʻi Constitution.[3] Turno argues that he had a reasonable expectation of privacy in these "'sexting' chats," which were sexually explicit and revealed "intimate details" of his life.

Turno relies on State v. Walton, 133 Hawaiʻi 66, 96-97, 324 P.3d 876, 906-07 (2014). There, the Hawaiʻi Supreme Court held that disclosure of information to a third party does not automatically place it beyond the scope of constitutional privacy protections. Id. The court explained that where information has been voluntarily disclosed to a third party, the relevant inquiry is "whether [the defendant] h[as] a legitimate expectation that such information would not be shared with others." Id. at 97, 324 P.3d at 907.

Turno's reliance on Walton is misplaced. Walton involved disclosure of private information to a third party. This case, in contrast, involves a consensual participant

---

[3] This constitutional provision protects a person's right "against unreasonable searches, seizures and invasions of privacy" and requires probable cause to support a warrant for such searches and seizures. Haw. Const. art. I, § 7.

Turno also cites article I, section 6 of the Hawaiʻi Constitution but does not argue its applicability to the facts of this case. See HRAP Rule 28(b)(7).

recording, which has been upheld in Hawaiʻi. See State v. Lee, 67 Haw. 307, 309, 686 P.2d 816, 817 (1984) ("[T]here is no reasonable expectation of privacy in consensual recording[.]"). In Lee, an undercover officer posing as a patient made warrantless recordings of visits to a defendant doctor suspected of illegal drug promotion. The Hawaiʻi Supreme Court held that because the officer "consented to the recordings," "was a participant in the conversations[,]" and was "free to testify in court" about the conversations' contents, "the recordings [were] merely reliable corroboration of the conversations" and should not be suppressed. Id. at 310, 686 P.2d at 818.

Similarly, here, the undercover officer was a direct participant in an extended conversation with Turno, and its recording — in the form of a communications log generated by Sgt. Surina from the cell phone he used in the investigation — served to corroborate a conversation that the officer participated in, consented to, and could freely testify about. Turno had no reasonable expectation of privacy in this conversation in these circumstances. See id. The Circuit Court correctly denied Turno's Motion to Suppress re Privacy by concluding that his privacy right under article I, section 7 of the Hawaiʻi Constitution was not violated. See State v. Pickell, 154 Hawaiʻi 50, 53, 544 P.3d 1287, 1290 (2023) (reviewing motion to suppress ruling de novo).

(3) Turno contends that the police, by "intercept[ing]' [Turno's] 'electronic communications' from his cell phone without a warrant, through intentional misrepresentation[,]" violated the Wiretap Act. He argues that the Act's participant recording exception[4] is inapplicable because "the conversation in this case was specifically between [Turno] and the fictitious persona 'Scarlett'" and thus the undercover officer "was not a party to the conversations as defined under the statute" and "illegally interceded as a third party without a warrant[.]"

Under the plain language of HRS § 803-42(b)(4), "a

---

[4] HRS § 803-42(b)(4) (2014) states, in relevant part: "It shall not be unlawful under this part for a person acting under color of law to intercept a wire, oral, or electronic communication, when the person is a party to the communication . . . ."

person acting under color of law" such as Sgt. Surina does not violate the Wiretap Act by intercepting an electronic communication to which they are a party. The officer's deception is not relevant in determining whether the participant recording exception under HRS § 803-42(b)(4) applies. The Circuit Court correctly concluded that the exception applied and correctly denied the Motion to Suppress re Privacy on this ground.

For these reasons, we affirm the following orders entered on April 11, 2024, by the Circuit Court of the Second Circuit: (1) the *Findings of Fact and Conclusions of Law, Order Denying Motion to Suppress Evidence Stemming From Illegal Interrogation Filed on December 10, 2024*; and (2) the *Findings of Fact and Conclusions of Law, Order Denying Motion to Suppress Evidence Stemming from Violation of Constitutional Right to Privacy Filed on January 23, 2024*.

DATED: Honolulu, Hawaiʻi, April 27, 2026.


On the briefs:

/s/ Keith K. Hiraoka
Brandon M. Segal                  Presiding Judge
(Segal Law - A Hawaii Law
Corporation)
for Defendant-Appellant.          /s/ Clyde J. Wadsworth
                                  Associate Judge
Richard B. Rost,
Deputy Prosecuting Attorney,
County of Maui,                   /s/ Kimberly T. Guidry
for Plaintiff-Appellee.           Associate Judge